UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KWM Gutterman Inc. | ) | **Civil Action No.** _____ |
| An Illinois Corporation | ) | |
| Plaintiff | ) | |
| v. | ) | **COMPLAINT** |
| Spectra Metal Sales, Inc., a Florida Corporation, DBA Spectra Gutter Systems, a Georgia Corporation | ) ) ) | JURY TRIAL DEMANDED |
| And | ) ) | |
| Spartan Machine LLC | ) ) | |
| An Ohio Company | | |
| Defendants. | ) | |

Plaintiff KWM GUTTERMAN INC. ("KWM" and "Plaintiff"), by and through its attorneys, Wood, Phillips, Katz, Clark, and Mortimer, for its Complaint against defendants Spectra Metal Sales, Inc. and Spartan Machine LLC (collectively "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for: infringement of Plaintiff's federally-registered service marks IRONMAN and KWM GUTTERMAN INC. under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and substantial and related claims of unfair competition under the statutory and common laws of the State of Illinois, arising from: a) Defendants' misrepresentation of being authorized distributors of Plaintiff's gutter making machines by, inter

alia, both expressly representing themselves as authorized distributors of KWM and deceptively conveying that they are authorized distributors by placing pictures of KWM's gutter making machines on Spectra Gutter Systems' website, and b) unauthorized use of the federally-registered marks IRONMAN AND KWM GUTTERMAN INC., and other trademarks in which Plaintiff has common law rights, in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods and services.

2.  Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.  This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4.  Venue is proper in this district under: a) 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district; b) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district ; c) 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district; and/or d) 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this District with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

5.  Plaintiff KWM is an Illinois corporation with its principal place of business at 795 South Larkin Avenue, Rockdale, Illinois 60436, within this Judicial District.

6.	Upon information and belief, Defendant Spartan Machine LLC ("Spartan") is a limited liability company formed under the laws of Ohio, has a principal place of business at 208 W. Main Street, New Paris, Ohio 45347, and does business nationwide, including within this District.

7.	Upon information and belief, Defendant Spectra Metal Sales, Inc. ("Spectra") is a Florida corporation, does business as Spectra Gutter Systems, and has a principal place of business at 6104 Boat Rock Blvd. SW, Atlanta, Georgia.

8.	Upon information and belief, Spectra conducts sales nationwide through its website, www.spectraguttersystems.com, which is accessible in this Judicial District.

9.	Upon information and belief, Spectra conducts business at, makes sales at, and delivers products from, a facility at 1540 W. Fullerton Ave, Addison, Illinois 60101, within this Judicial District.

## FACTS

A. <u>Plaintiff and Its Marks</u>

10.	Plaintiff KWM designs and manufactures gutter making machines ("gutter machines") which continuously form flat sheet material into different gutter shapes. Plaintiff is the nation's largest manufacturer of gutter machines and has been in business since 1983. Over that time, it has gained a nationwide reputation for manufacturing high quality gutter machines and providing reliable product support.

11. Plaintiff KWM identifies its gutter machine manufacturing services and its gutter machines with several trademarks, including representative marks KWM; KWM GUTTERMAN INC.; IRONMAN; and JUNIOR/JR (collectively, "KWM's MARKS").

12. Plaintiff KWM has continuously used the KWM and KWM GUTTERMAN INC. marks on gutter machines since at least as early as 1980.

13. Plaintiff KWM has continuously used the JUNIOR/JR mark on gutter machines since at least as early as 2007.

14. Plaintiff KWM is the owner of valid and subsisting United States Service Mark Registration No. 3,092,508 on the Principal Register in the United States Patent and Trademark Office for the service mark IRONMAN (hereinafter "IRONMAN Mark") for custom manufacture of gutter machines, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Registration, issued by the United States Patent and Trademark Office on May 16, 2006.

15. Plaintiff KWM has used the IRONMAN Mark in commerce throughout the United States continuously since at least as early as 1990 in connection with the services listed in the registration.

16. Plaintiff KWM is the owner of valid and subsisting United States Service Mark Registration No. 3,062,770 on the Principal Register in the United States Patent and Trademark Office for the service mark KWM GUTTERMAN INC. (hereinafter "KWM GUTTERMAN INC. Mark") for custom manufacture of gutter machines, which has become incontestable within

the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's United States Registration, issued by the United States Patent and Trademark Office on February 28, 2006.

17. Plaintiff KWM has used the KWM GUTTERMAN INC. Mark in commerce throughout the United States continuously since at least as early as 1980 in connection with the services listed in the registration.

18. As a result of its widespread, continuous, and exclusive use of the KWM and JUNIOR/JR Marks to identify its goods and services and KWM as their source, Plaintiff KWM owns valid and subsisting common law rights to the KWM and JUNIOR/JR Marks.

19. KWM's MARKS are distinctive to both the consuming public and KWM's trade.

20. Plaintiff KWM has expended substantial time, money, and resources marketing, advertising, and promoting its services and products under each and every one of KWM's MARKS at industry trade shows, through distribution of printed media and other non-electronic forms, and through electronic media including, without limitation, on KWM's website.

21. Plaintiff KWM targets a wide range of consumers, from large gutter installation companies and building contractors to small businesses and even individuals.

22. Plaintiff KWM sells both directly to consumers and through authorized distributors.

23. Plaintiff KWM's sales of its gutter machines in 2024 exceeded 39 million dollars.

24. As a result of KWM's expenditures and efforts in promoting KWM's MARKS in association with its products and services, KWM's MARKS have come to signify the high quality of KWM's goods and services designated by KWM's MARKS, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff KWM.

B. Defendants' Unlawful Activities

25. Prior to May 2024, Plaintiff KWM manufactured gutter machines for Spectra and authorized Spectra to advertise and distribute those gutter machines for KWM, including use of KWM's MARKS. Spectra also advertised KWM gutter machines through Spartan.

26. In May 2024, KWM terminated Spectra's rights to advertise and distribute any KWM gutter machines, directly or through Spartan. In spite of the termination of the relationship between KWM and Spectra, Spectra and Spartan continued to advertise KWM gutter machines and represent themselves as authorized distributors of those machines.

27. By email dated July 30, 2024, KWM again demanded that Spectra remove advertisements for KWM's machines on Spectra's website.

28. Exhibit 3 hereto is a copy of a page from Spectra's website as it appeared on December 6, 2024. The language clearly states that Spectra is continuing to sell at least the KWM 5" IronMan® machine and thereby deceptively implies that Spectra is authorized to promote and sell the same.

29. As seen in Exhibit 3, the only depiction of a gutter machine is the dominantly placed picture of a KWM gutter machine with a KWM identification plate prominently displayed with KWM's registered KWM GUTTERMAN INC. Mark clearly legible.

30. Exhibit 4 hereto is an online parts list for Spartan advertising, inter alia, "5" K-Style Junior", "6" K-Style Junior", and "5/6" K-Style Junior Combo" Gutter Machines.

31. Exhibit 5 is a page from Spectra's product catalog as it appeared online at least as recently as December 6, 2024, advertising four different KWM gutter machines and using KWM's registered "Iron Man" Mark. The image of the gutter machine next to the product listing for the four KWM gutter machines is not a KWM gutter machine. A person viewing Exhibit 5 would logically, but incorrectly, conclude that the depicted gutter machine is one of the KWM gutter machine "Products" identified.

32. As of May 2024, Spectra and Spartan no longer had any legal right to advertise any KWM product or represent that they were distributing KWM products with the authorization of KWM. Yet Spectra and Spartan continue to represent that they are distributing KWM gutter machines, deceptively conveying to consumers and the trade that this distribution is authorized by KWM.

33. Plaintiff KWM's undersigned attorneys wrote Spectra and Spartan on December 6, 2024, and demanded certain actions be immediately taken to cease the unlawful activities described herein and to remedy damages incurred by KWM resulting from those unlawful activities.

34. On December 13, 2024, Mr. Todd Snell, on behalf of Spectra, responded by email to the December 6, 2024, letter. A copy of the email is included herewith as Exhibit 6. Mr. Snell makes the unequivocal representation in his email that "Spectra Gutter Systems is not advertising or promoting KWM products. There are no Spectra Gutter System marketing or sales materials – on line or in printed form – referencing KWM products or any relationship with KWM."

35. In spite of Mr. Snell's representations, to this day Spectra's website shows 36 different related offices with each of the 36 different office web pages including a prominently displayed picture of a KWM gutter machine with KWM's registered KWM GUTTERMAN INC. Mark standing out and clearly legible. A copy of an exemplary one of the 36 pages is included herewith as Exhibit 7.

36. On December 18, 2024, KWM's undersigned attorneys responded to Mr. Snell's December 13, 2024, email and pointed out the inaccuracies in, and issues with, his allegations and repeated the demand for Spectra and Spartan to cease the unlawful activities complained of herein.

37. Spartan did not respond to KWM's attorneys' December 6, 2024, letter and Spectra did not respond to KWM's attorneys' December 18, 2024, letter.

38. Spartan continues to use the online advertisement of Exhibit 4.

39. Spartan and Spectra have advertised a relationship between Spartan and Spectra, including as appearing on Exhibit 4, that demonstrates a legally binding agency relationship between Spectra and Spartan, that makes each responsible directly, or as an agent for, the other for the unlawful activities complained of herein.

40. Spectra and Spartan have no authorization to identify any KWM product or use any KWM's MARKS, including at least IRONMAN, KWM, KWM GUTTERMAN INC., and JUNIOR/JR, in association with the promotion of gutter machines.

41. Continuing to promote KWM's gutter machines, which Spectra and Spartan are not authorized to advertise or sell, is likely to cause, and has caused, purchasers of Spectra's/

Spartan's own machines to mistakenly believe that the gutter machines they are purchasing are made, or sponsored, by KWM and will be supported by KWM.

42. There have been recent instances of actual confusion caused by Spectra's/Spartan's unauthorized advertisement of KWM products and apparent attempt to pass off their own machines as if they were manufactured or sponsored by KWM – well known in the industry for designing and producing high quality gutter machines. More specifically, KWM has received complaints directly from Spectra/Spartan customers complaining of the failure of the Spectra/Spartan gutter machines and expressing that the Spectra/Spartan gutter machines were purchased with the understanding that they were made, or sponsored, by KWM, and that KWM would be responsible for product support.

43. Defendants' infringing acts as alleged herein have caused, and are likely to continue to cause, confusion, mistake, and deception among the relevant consuming public and the trade as to the source or origin of KWM's goods and have deceived and are likely to continue to deceive the relevant consuming public and the trade into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise sponsored or authorized by KWM.

44. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of KWM and the exceptional reputation of the KWM gutter machines, with which KWM's MARKS are used, have achieved, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's gutter machines to the Defendants.

45. Defendants' acts are causing and, unless restrained, will continue to cause, damage and immediate irreparable harm to KWM and to its valuable reputation and goodwill with the consuming public and the trade for which Plaintiff has no adequate remedy at law.

**COUNT ONE (Federal Trademark/Service Mark Infringement)**

46. KWM repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Defendants' unauthorized use in commerce of KWM's MARKS as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' gutter machines and is likely to cause consumers to believe, contrary to fact, that Defendants' gutter machines and related products are manufactured, sold, authorized, endorsed, or sponsored by KWM, or that Defendants are in some way affiliated with or sponsored by KWM. Defendants' conduct therefore constitutes trademark/service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of KWM's prior rights in KWM's MARKS and with the willful intent to cause confusion and trade on KWM's goodwill.

49. Defendants' conduct is causing immediate and irreparable harm and injury to KWM, and to its goodwill and reputation, and will continue to both damage KWM and confuse the public unless enjoined by this court. KWM has no adequate remedy at law.

50. KWM is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Unfair Competition)

51. Plaintiff KWM repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52. Defendants' unauthorized use in commerce of KWM's MARKS and visual display of KWM's gutter machine on Defendants' marketing materials, as explained herein, are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' gutter machines and related products are manufactured, sold, authorized, endorsed, or sponsored by KWM, or that Defendants are in some way affiliated with or sponsored by KWM.

53. Defendants' unauthorized use in commerce of KWM's MARKS, and visual display of KWM's gutter machines on Defendants' marketing materials, as alleged herein, constitute use of a false designation of origin and misleading description and representation of fact.

54. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with KWM.

55. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage KWM and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE (State Unfair Competition)

58. Plaintiff repeats and realleges paragraphs 1-57 as though fully set forth herein.

59. Defendants' unauthorized use of KWM's MARKS and images of KWM's gutter machines has created confusion among consumers and is likely to continue to cause confusion among consumers.

60. Defendants' unauthorized use of KWM's MARKS and images of KWM's gutter machines, by reason of the confusion it has created and will continue to create, has unlawfully diverted, and will continue to unlawfully divert, business away from KWM.

61. Defendants' actions constitute unfair competition and violation of the Illinois Deceptive Trade Practices Act (815 ILCS 510) by reason of disrupting KWM's business relationship, and have caused, and will continue to cause, damage to KWM's goodwill and reputation.

## COUNT FOUR (Common Law Trademark Infringement)

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff has acquired common law rights in the marks KWM, JR, and JUNIOR through extensive continuous and exclusive use in commerce on KWM gutter machines.

64. Defendants' unauthorized use of the marks KWM, JR, and JUNIOR on, and in association with, Defendants' gutter machines constitutes infringement of Plaintiff's common law trademark rights.

65. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

WHEREFORE, Plaintiff KWM requests judgment against Defendants as follows:

1. That Defendants have violated: Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. That Defendants violated the Illinois Deceptive Trade Practices Act (815 ILCS 510).

3. Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. marketing, advertising, promoting, or authorizing any third party to market, advertise, or promote any product of Defendants bearing any of KWM's MARKS or any other mark that is a confusingly similar variation of any of KWM's MARKS;

b. engaging in any activity that infringes KWM's rights in KWM's MARKS;

c. including any image of any KWM gutter machine on any of Defendants' advertising, promotional, or marketing materials that might lead the public or the trade to believe Defendants have an affiliation with KWM or are authorized to promote, market, advertise or sell KWM gutter machines;

d. engaging in any activity constituting unfair competition with Plaintiff;

e. making or displaying any statement, representation, or depiction, including, without limitation, any image of KWM's gutter machines, that is likely to lead the public or the trade to believe that (i) Defendants' gutter machines are in any manner approved, endorsed, licensed, sponsored, or authorized by, or associated, affiliated, or otherwise connected with KWM, or (ii) KWM's gutter machines are authorized, or associated in any way with Defendants;

f. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, or authorized by, or

associated, affiliated, or otherwise connected with KWM or constitute or are connected with KWM's goods or services.

5. Directing Defendants to notify each and every customer that has purchased a gutter machine from Defendants after May 2024, that is not a KWM gutter machine, that those gutter machines are not made by, endorsed by, or authorized by, KWM and that KWM has no obligation to repair or support the operation of those gutter machines.

6. Directing Defendants to account for and pay over to Plaintiff all profits realized from sales of its own gutter machines made after May 2024, by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages due to lost sales caused thereby.

7. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8. Awarding KWM punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

9. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11. Awarding such other and further relief as the Court deems just and proper.

Dated: January 14, 2025
Chicago, Illinois

Respectfully submitted,

/John S. Mortimer/
John S. Mortimer, Esq.
Peter J. Shakula, Esq.
Thomas F. Ging, Esq.
WOOD PHILLIPS

*Attorneys for* KWM GUTTERMAN INC.

500 W. Madison Street
Suite 1130
Chicago, IL 60661

(312) 876-1800
docketing@woodphillips.com